■ S. Makram Matta, Appellant, v Jack Garfield et al., Respondents.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered on or about February 28, 1991, unanimously affirmed for the reasons stated by Carol E. Huff, J., with costs. No opinion. Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.

■ In the Matter of Joel Flowe, Appellant, v Allyn Sielaff, as Correction Commissioner of the City of New York, et al., Respondents.—Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on January 18, 1991, unanimously affirmed for the reasons stated by Phyllis Gangel-Jacob, J., without costs or disbursements. No opinion. Concur—Carro, J. P., Rosenberger, Ellerin, Kassal and Rubin, JJ.

■ The People of the State of New York, Respondent, v Lee McGaw, Appellant.—Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered March 13, 1990, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to a term of imprisonment of 4½ to 9 years and an unconditional discharge, respectively, unanimously affirmed.

We find that the court's ruling that the People could ask defendant only whether he had ever been convicted of a felony, without eliciting the facts underlying the prior conviction or the nature of the crime, was a sound exercise of discretion that balanced the various considerations to be taken into account under *People v Sandoval* (34 NY2d 371). We note, moreover, that it was defendant himself, on direct examination, who testified as to the nature of his prior felony conviction and that the People made no inquiry regarding the conviction on cross-examination. Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Rubin, JJ.